**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD DeCOURSY,

  Plaintiff,                                 CASE NO.:

-VS-

OCWEN LOAN SERVICING, LLC
And BROCK & SCOTT, PLLC,

  Defendants.
_____/

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, RICHARD DeCOURSY ("Mr. DeCoursy" or "Plainitff") alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, OCWEN LOAN SERVICING, LLC and BROCK & SCOTT, PLLC (collectively "Defendants").

**INTRODUCTION**

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of

debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen and resident of Pinellas County, Florida.

6. Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a debt collection company providing its services throughout the State of Florida, including Pinellas County, Florida.

7. Defendant, Brock & Scott, PLLC ("B&S") is a law firm providing debt collection services throughout the State of Florida, including Pinellas County, Florida.

8. All references to any of the Defendants named herein shall also include any of Defendants' predecessors.

9. Ocwen services a debt for which Plaintiff was the debtor, namely the loan on Plaintiff's homestead property (the "Alleged Debt").

10. On or about October 25, 2018, Defendants sent Plaintiff a pay-off demand seeking to collect illegal and improper amounts (the "Pay-Off Demand"). A true and correct copy of the Pay-Off Demand is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11. In particular, Defendants seek to collect amounts with respect to the Alleged Debt that are either overstated, overinflated, illegal and/or otherwise not permitted by applicable law and/or the underlying agreement between the parties to charge such illegal and improper amounts.

12. Such illegal and improper amounts largely result from Defendants attempting or seeking to collect attorneys' and/or court costs from a previous foreclosure case that it lost against Plaintiff, as Plaintiff was ruled to be the prevailing party in said prior foreclosure action.

13. Defendants never attempted to recover their attorneys' fees and costs in the prior foreclosure action as they were not the prevailing party, and they never filed a motion seeking to recover such fees and costs in the prior foreclosure action. As such, Defendants are barred from attempting to collect such attorneys' fees and costs from Plaintiff now.

14. All conditions precedents to this action have been fulfilled, waived or performed.

**COUNT I**
**(Mr. DeCoursy vs. Ocwen)**
**(Violation of the FDCPA)**

15. Mr. DeCoursy incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

16. This is an action against Ocwen for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

17. At all times material hereto: (a) Mr. DeCoursy is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Ocwen is a 'debt collector' within the meaning of the FDCPA.

18. Ocwen engaged in consumer debt collection activities against Mr. DeCoursy in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

19. The Debt Collection Conduct includes Ocwen's demand for payment pursuant to the Pay-Off Demand which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive late charges, "corporate advances" which contain no break down or explanation as to same," and a satisfaction cost which has not been incurred yet.

20. The Debt Collection Conduct includes Ocwen's demand for payment pursuant to the Pay-Off Demand which seeks to collect attorney fees and costs relating to a prior cases against Mr. DeCoursy in which Mr. DeCoursy prevailed.

21. Ocwen's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> ***§1692(e)** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*
>     *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

22. Ocwen's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

23. As a result of the Debt Collection Conduct and Ocwen's violation of the FDCPA as described herein, Mr. DeCoursy has been injured.

24. Mr. DeCoursy is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. DeCoursy , respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and

further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Mr. DeCoursy vs. Ocwen)
### (Violation of the FCCPA)

25. Mr. DeCoursy . incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

26. This is an action against Ocwen for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

27. At all times material hereto: (a) Mr. DeCoursy is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Ocwen is a 'person' within the meaning of the FCCPA.

28. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. DeCoursy for personal, family or household purposes, namely his homestead.

29. Ocwen is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

30. Ocwen engaged in consumer debt collection activities against Mr. DeCoursy in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

31. The Debt Collection Conduct includes Ocwen's demand for payment pursuant to the Pay-Off Demand which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive late charges, "corporate advances" which contain no break down or explanation as to same," and a satisfaction cost which has not been incurred yet.

32. The Debt Collection Conduct includes Ocwen's demand for payment pursuant to the Pay-Off Demand which seeks to collect attorney fees and costs relating to a prior cases against Mr. DeCoursy in which Mr. DeCoursy prevailed.

33. The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(5).

34. Ocwen's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

35. Ocwen's business practices and actions were either intentional or grossly negligent.

36. As a result of the Debt Collection Conduct and Ocwen's violation of the FCCPA, Mr. DeCoursy has been damaged, and Ocwen is liable to Mr. DeCoursy for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

37. Mr. DeCoursy is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis +

Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

38. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, Mr. DeCoursy, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### COUNT III
### (Mr. DeCoursy vs. B&S)
### (Violation of the FDCPA)

39. Mr. DeCoursy incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

40. This is an action against B&S for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

41. At all times material hereto: (a) Mr. DeCoursy is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) B&S is a 'debt collector' within the meaning of the FDCPA.

42. B&S engaged in consumer debt collection activities against Mr. DeCoursy in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

43. The Debt Collection Conduct includes B&S' demand for payment pursuant to the Pay-Off Demand which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive late charges, "corporate advances" which contain no break down or explanation as to same," and a satisfaction cost which has not been incurred yet.

44. The Debt Collection Conduct includes B&S' demand for payment pursuant to the Pay-Off Demand which seeks to collect attorney fees and costs relating to a prior cases against Mr. DeCoursy in which Mr. DeCoursy prevailed.

45. B&S' Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

46. B&S' Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

47. As a result of the Debt Collection Conduct and B&S' violation of the FDCPA as described herein, Mr. DeCoursy has been injured.

48. Mr. DeCoursy is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. DeCoursy, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

### COUNT IV
### (Mr. DeCoursy vs. B&S)
### (Violation of the FCCPA)

49. Mr. DeCoursy incorporates Paragraphs one (1) through fourteen (14) above as if fully set forth herein.

50. This is an action against B&S for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

51. At all times material hereto: (a) Mr. DeCoursy is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) B&S is a 'person' within the meaning of the FCCPA.

52. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. DeCoursy for personal, family or household purposes, namely his homestead.

53. B&S is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

54. B&S engaged in consumer debt collection activities against Mr. DeCoursy in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

55. The Debt Collection Conduct includes B&S' demand for payment pursuant to the Pay-Off Demand which seeks to collect amounts that are overstated, overinflated and in violation of federal and Florida law, including but not limited to, excessive late charges, "corporate advances" which contain no break down or explanation as to same," and a satisfaction cost which has not been incurred yet.

56. The Debt Collection Conduct includes B&S' demand for payment pursuant to the Pay-Off Demand which seeks to collect attorney fees and costs relating to a prior cases against Mr. DeCoursy in which Mr. DeCoursy prevailed.

57. The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(5).

58. B&S' Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

59. B&S' business practices and actions were either intentional or grossly negligent.

60. As a result of the Debt Collection Conduct and B&S' violation of the FCCPA, Mr. DeCoursy has been damaged, and B&S is liable to Mr. DeCoursy for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

61. Mr. DeCoursy is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

62. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Mr. DeCoursy respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by

jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com
Counsel for Plaintiff